UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NINA L. TARANDA, | ) |
| | ) No. CV-09-181-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on July 2, 2010 (Ct. Rec. 17, 19). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security ("Commissioner"). The parties consented to proceed before a magistrate judge (Ct. Rec. 8). On May 17, 2010, plaintiff filed a reply (Ct. Rec. 21). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's Motion for Summary Judgment (Ct. Rec. 19) and **DENIES** plaintiff's Motion for Summary Judgment (Ct. Rec. 17).

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) on July 28, 2004, and for disability insurance benefits (DIB) on September 21, 2004, alleging onset as of January

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1 -

1, 2004, due to depression, mental and emotional illness, and post-traumatic stress disorder (PTSD) (Tr. 60-62, 64, 581-584). The applications were denied initially and on reconsideration (Tr. 50-51, 55-58). Administrative Law Judge (ALJ) Richard Say held a hearing on March 8, 2007. Plaintiff, represented by counsel, psychology expert Allen Bostwick, Ph.D., and vocational expert Fred Cutler testified (Tr. 728-758). On May 5, 2007, the ALJ issued a decision (Tr. 14-26) finding plaintiff not disabled (Tr. 26). The Appeals Council denied a request for review on May 27, 2009 (Tr. 6-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). On June 15, 2009, plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g)(Ct. Rec. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both parties, and are summarized here where relevant.

Plaintiff was 44 years old at the hearing. She has a tenth or eleventh grade education, and has worked as a quality assurance worker, an order processor, and an office manager (Tr. 65,70,86, 92,571-572,737,751). She lives alone, cleans, shops, and does laundry (Tr. 102-103,737-738,740,745). She takes walks, rides the bus, exercises at a gym, cooks, visits friends and family, attends church, reads up to ten hours a week, and embroiders (Tr. 102-105,160,738-740,742,744-745,747). Plaintiff is unable to work due to anxiety attacks monthly or every other month (Tr. 83,743). She attends counseling and takes two prescribed psychotropic

medications (Tr. 741,744-746,748). Ms. Taranda has problems with anxiety and concentration (Tr. 744-746).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment

is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a

1  "significant number of jobs exist in the national economy" which
2  plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
3  Cir. 1984).
4      Plaintiff has the burden of showing that drug and alcohol
5  addiction (DAA) is not a contributing factor material to
6  disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).
7  The Social Security Act bars payment of benefits when drug
8  addiction and/or alcoholism is a contributing factor material to a
9  disability claim. 42 U.S.C. §§ 423 (d)(2)© and 1382(a)(3)(J);
10 *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v.
11 Callahan*, 143 F.3d 1240,1245 (9th Cir. 1998). If there is evidence
12 of DAA and the individual succeeds in proving disability, the
13 Commissioner must determine whether DAA is material to the
14 determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If
15 an ALJ finds that the claimant is not disabled, then the claimant
16 is not entitled to benefits and there is no need to proceed with
17 the analysis to determine whether substance abuse is a
18 contributing factor material to disability. However, if the ALJ
19 finds that the claimant is disabled, then the ALJ must proceed to
20 determine if the claimant would be disabled if he or she stopped
21 using alcohol or drugs.

**STANDARD OF REVIEW**

23     Congress has provided a limited scope of judicial review of a
24 Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
25 the Commissioner's decision, made through an ALJ, when the
26 determination is not based on legal error and is supported by
27 substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
28 Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570,572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to

support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one the ALJ found plaintiff has not engaged in substantial gainful activity since onset on January 1, 2004 (Tr. 16). At steps two and three, he found plaintiff suffers from mood disorder, generalized anxiety disorder, PTSD, and borderline personality disorder, impairments that are severe but do not alone or in combination meet or equal the severity of the Listings (Tr. 16, 23). The ALJ assessed an RFC with purely psychological limitations (Tr. 23;753). At step four, relying on the VE's testimony, the ALJ found plaintiff can perform her past work as a quality assurance worker/inspector, and as an order processor (Tr. 25). The step 4 determination made step 5 unnecessary. ALJ Say found plaintiff not disabled (Tr. 25), making further DAA analysis unnecessary.

**ISSUES**

Plaintiff challenges the ALJ's analysis of psychological limitations and failure to fully develop the record with respect to Ms. Everhart's post-hearing evaluation (Ct. Rec. 18 at 11-17; 17-18). The Commissioner asserts the ALJ properly weighed the evidence, assessed credibility, and developed the record. Asserting the decision is free of legal error and supported by substantial evidence, the Commissioner asks the court to affirm (Ct. Rec. 20 at 13).

///

**DISCUSSION**

**A. Weighing evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v.*

*Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Evidence of psychological limitation**

Plaintiff alleges the ALJ erred when he weighed the evidence of her psychological limitations.

The ALJ considered Dr. Bostwick's opinion that the records conflict substantially (Tr. 21, 24, referring to Tr. 730). Dr. Bostwick points out Family Services of Spokane emphasized plaintiff's

> diagnoses of severe PTSD and a major depressive disorder ranging from moderate to severe with psychotic features. And her medications have been for symptoms related to those two conditions and her case management has centered around her needs based on those conditions.
>
> However, she has had three outside examinations. In Exhibit 8F, she was seen by Dr. Everhart for her Social Security evaluation on 12/29/04 and Dr. Everhart diagnosed PTSD which was consistent with the record and mild depressive disorder, NOS. And she rated a GAF score of 60 which reflects mild, perhaps moderate symptoms or limitations.
>
> Then she was seen for two DSHS examinations. The first was . . . July 6th 2005 and she was diagnosed only with a borderline personality disorder and there was a rule out PTSD and that GAF score was 55 which would reflect moderate symptoms.
>
> And then 10 months later . . . on May 23, 2006, she was

1
2
    again diagnosed with borderline personality disorder, but also a generalized anxiety disorder and then a rule out PTSD, again, with a GAF score of 55.

3
4
    So in neither [outside examiners's] case is there a major depressive disorder and there's no diagnosed psychotic symptoms in any of those three [examiners' opinion] exhibits.

5
6
7
8
    . . . both MMPI-2's for the DSHS examinations are patently invalid. . . . [and] clearly in the range of such marked exaggeration that it actually met the criteria for a malingering diagnosis . . . I'd recommend an independent assessment with an MMPI-2 again.

9 (Tr. 730-732).

10     The ALJ observes Dr. Bostwick testified records reveal a
11 [possibly chosen] chaotic lifestyle with substantial conflict;
12 several substance abuse relapses over the past few years; some
13 examiners have opined plaintiff appears manipulative; there is no
14 consistency in any of the diagnosed major mental illnesses, but
15 even if any of the diagnoses are accurate, all are treatable.
16 Given the treatment plaintiff has received, Dr. Bostwick expected
17 Ms. Taranda should have shown improvement (Tr. 21; 730-733, 735-
18 736).

19     The ALJ relied on more than Dr. Bostwick's testimony when he
20 assessed plaintiff's RFC. He followed Dr. Bostwick's
21 recommendation to obtain a new evaluation. After the hearing, in a
22 letter dated March 8, 2007, ALJ Say notified plaintiff's counsel
23 of his request that a new evaluation be scheduled (Tr. 21, 27).

24     The exam was conducted by Dr. Everhart on March 23, 2007 (Tr.
25 21-23; 567-570). The ALJ observes Dr. Everhart's newest report
26 points out plaintiff's numerous inconsistent statements, including
27 contradictory accounts of substance abuse. Dr. Everhart reports
28 plaintiff's post hearing MMP-2, like the others, is invalid (Tr.

21-22, referring to Tr. 570-571,573,576). She (Dr. Everhart) assessed moderate limitations in the ability to understand, remember, and carry out complex instructions, make judgments on complex work-related decisions, interact appropriately with supervisors and co-workers, and respond appropriately to usual work situations and changes in a routine work setting (Tr. 577-578). She assessed a marked limitation in plaintiff's ability to interact appropriately with the public (Tr. 578). Significantly, the ALJ notes Dr. Everhart opined plaintiff's self-reported history and use of drugs and alcohol "is of questionable validity." If plaintiff is totally abstinent, Dr. Everhart opined, Ms. Taranda's interactions with others and stability could improve (Tr. 23; 578). The ALJ considered Dr. Everhart's opinion but observed it is based in part on apparent ongoing DAA.

     The ALJ considered the February 2006 opinion of treating professional Marian Beumier, MSW, at Family Source Spokane (Tr. 20-21, 25; 283-286). She opined it was "impossible" for plaintiff to work at the time due to the severe and chronic symptoms experienced as a result of PTSD and major depressive disorder (Tr. 284). Citing 20 C.F.R. 404.1513, the ALJ properly rejected Ms. Beumier's diagnosis because she is not an acceptable treating source (Tr. 25). He also rejected her opinion because it appears based on plaintiff's self-reports, which he found unreliable (see below)(Tr. 24-25).

     To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible (Tr. 24-25). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 11 -

conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on the many inconsistencies in plaintiff's statements as a clear and convincing reason to discount credibility. Other reasons, among many relied on, include activities inconsistent with allegedly severe limitations and noncompliance with treatment (Tr. 24-25).

The ALJ notes plaintiff has inconsistently reported substance abuse, the years she divorced and last worked, childhood abuse, adult relationship abuse, and legal history (Tr. 21-22, 24-25). *See e.g.,* Tr. 243 (plaintiff last used alcohol in May of 2004 and methamphetamine in September 04 [both after onset]; in December of

2004, she has not consumed alcohol in two years (Tr. 253)). *And cf*. Tr. 571 (only reported legal history is DUI in 1993 at Tr. 253), *with* Tr. 658 (legal matters in Arizona in October 2007) and Tr. 392, 399, 571 (charged with three counts of fourth degree assault in August 2005). Plaintiff has indicated she was divorced in 1991 and 1993 (Tr. 253, 571, 749). She last worked in November of 2003 (Tr. 237, 739) and in January of 2004 (Tr. 83, 738). Plaintiff suffered abuse as a child and as an adult (Tr. 242-243, 253, 565) and was never abused (Tr. 571).

A claimant's inconsistent statements diminish credibility. It is a factor the ALJ may properly rely on when assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

The ALJ notes despite reports of limited functioning, Ms. Taranda regularly attends computer classes, exercises, rides the bus, shops, and visits friends (Tr. 280, 573). He relied on plaintiff's ability to engage in regular social interactions because it is conduct inconsistent with allegations her social functioning is severely limited (*cf*. Tr. 120: plaintiff is unable to go out alone, *with* Tr. 103: plaintiff walks, takes public transportation, and shops twice a month for 3-4 hours). The ability to see friends, attend church and computer classes, exercise at a gym at least weekly (Tr. 24), and travel alone to California on several occasions (Tr. 331, 373) reflects conduct inconsistent with complaints of anxiety so severe plaintiff is unable to leave home alone.

Activities inconsistent with allegedly severe limitations cast doubt on credibility, and an ALJ may properly rely on this

factor. *See e.g., Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993).

Plaintiff failed to comply with taking prescribed medications and keeping appointments, as the ALJ correctly points out (Tr. 24; 269-270). Examples of unexplained noncompliance include a three month treatment gap in 2005 (Tr. 251), numerous failures to refill prescribed medications or take as prescribed, and many missed appointments (Tr. 213; 226; 235; 269; 327-328; 332; 337-339; 349; 357; 363; 375; 378; 382; 384; 386; 392; 399; 623; 660; 662-664; 673 and others). Noncompliance with medical treatment and the lack of consistent treatment can cast doubt on a claimant's credibility. *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

There is evidence of malingering, including three invalid MMPI-2's, one so extreme it met the criteria for a malingering diagnosis, as Dr. Bostwick opined (Tr. 280, 293, 731-732). Although not required, the ALJ's credibility determination is supported by clear and convincing reasons that are supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(absent malingering, ALJ's reasons must be clear, convincing, and supported by substantial evidence).

The ALJ rejected the opinions co-signed by Dr. Rosenkrans because they were based on plaintiff's statement she had never abused substances, a statement contradicted by both her reported past heavy use of alcohol and methamphetamines, and noted relapses after onset. *See* Tr. 24; 278 (plaintiff told Rosenkrans in July of 2005 she had never used; Tr. 291 (same, in 2006); Tr. 297 (in May of 2005 plaintiff admits she used methamphetamine for two days).

After the ALJ's unfavorable decision in May of 2007, Dr. Rosenkrans cosigned an opinion dated October 9, 2008 (Tr. 717-720) again based on "no indication of alcohol or drug abuse" (Tr. 718).

An ALJ may discount an examining professional's contradicted opinion by giving specific and legitimate reasons supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may also be disregarded, once those complaints have themselves been properly discounted. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)(citing *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1463-1464 (1995).

ALJ Say properly discounted Dr. Rosenkrans's assessment because it was based on plaintiff's unreliable self-report of complete abstinence.

Plaintiff alleges the ALJ "basically" ignored the 2004 opinion of examining psychologist Kathy Holmes, Ph.D., and failed to properly credit the 2004 opinions of Lori Pinter, ARNP and Dr. Everhart (Ct. Rec. 18 at 15-17). She fails to identify any error resulting from rejecting Ms. Pinter's or Dr. Holmes's opinions. As with Ms. Beumier, the ALJ was not required to credit Ms. Pinter's opinion as she was not an acceptable medical diagnostic source. The opinion by Dr. Holmes and Marilee Manion, MSP, is, like Dr. Rosenkrans's, based on the erroneous premise plaintiff has no limitations caused by past or present DAA (Tr. 199).

The specific error plaintiff alleges is the ALJ's failure to include the limitations assessed by Drs. Rosenkrans and Everhart in his hypothetical to the VE (Ct. Rec. 18 at 15-17). As noted,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 15 -

the ALJ properly rejected Dr. Rosenkrans's opinion. And he properly gave greater weight to Dr. Everhart's more recent opinion than the one she gave in 2004. Plaintiff fails to establish the ALJ erred in weighing the evidence of psychological limitation.

The ALJ's assessed RFC limited plaintiff to carrying out short and simple instructions. The Commissioner accurately observes this is consistent with Dr. Everhart's opinion plaintiff has no limitations in the ability to understand, remember, and carry out simple instructions, and is able to make judgments on simple work-related decisions (Ct. Rec. 20 at 8-9, citing Tr. 23, 577-578). The ALJ opined plaintiff would have problems maintaining attention and concentration for more than one hour at a time, is capable of superficial interaction with the general public and coworkers, and remains reasonably alert despite taking prescribed medications (Tr. 23; 753). To the extent Dr. Everhart assessed greater limitations, the ALJ properly rejected them as indicative of functioning when plaintiff's DAA is included, as noted. Similarly, the ALJ properly rejected Dr. Rosenkrans's assessed limitations because they are based on plaintiff's unreliable self-report of complete abstinence.

The ALJ's assessment of the evidence is free of error and supported by substantial evidence.

**C. Developing the record**

Ms. Taranda alleges the ALJ failed to fully develop the record with respect to Dr. Everhart's exam and report after the hearing. Plaintiff's counsel asked for a supplemental hearing to address the report, but the Appeals Council denied his request (Ct. Rec. 18 at 17-18). Plaintiff fails to cite any authority in

support of the argument in her opening or reply brief.

The Commissioner responds because the record was sufficient to determine disability and lacked ambiguity, the ALJ did not need to further develop the record (Ct. Rec. 20 at 11-12, citing 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The Commissioner is correct.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

In the Court's view the record is sufficient to determine disability and lacks ambiguity. The ALJ properly developed the record. The report by Dr. Rosenkrans after the decision does not compel a different result.

To the extent plaintiff challenges the RFC, the court finds it is fully supported by the evidence and free of legal error. Accordingly, the RFC and questions to the VE are sufficient. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 3rd day of August, 2010.

                             s/ James P. Hutton

                              JAMES P. HUTTON
                       UNITED STATES MAGISTRATE JUDGE